# GAMBLE-ROBINSON COMMISSION COMPANY and Others v. ILLINOIS CENTRAL RAILROAD COMPANY.[1]

May 22, 1914.

Nos. 18,769—(103).

**Negligence of carrier.**

Whether defendant was negligent in failing properly to ice a car of strawberries during the time it was in defendant's possession and before it was delivered to the succeeding carrier, was a question for the jury. If the damage to the berries was caused by such neglect, defendant would be liable, though the damaged condition was not discovered until the succeeding carrier had delivered the berries to plaintiffs. [Reporter.]

[1] Reported in 147 N. W. 1134.

Action by five corporations to recover $1,873.59. The case was tried before Dickinson, J., who denied defendant's motion for a directed verdict and a jury which returned a verdict in favor of plaintiffs for $1,052. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Richard & Coe,* for appellant.

*Stiles & Devaney,* for respondents.

PER CURIAM.

This action was brought to recover damages alleged to have been occasioned to a carload of strawberries, shipped over defendant's line of railroad from Louisiana to St. Paul, by reason of the negligence of defendant in failing to properly ice the car in which they were so shipped, in consequence of which the berries became overheated and damaged. Plaintiffs had a verdict in the court below and defendant appealed from an order denying its alternative motion for judgment or a new trial.

It is contended, in support of the motion for judgment, that the evidence wholly fails to establish a case of negligence against the defendant. Our examination of the record discloses sufficient evidence to take the case to the jury upon the sole issue of negligence presented, namely, whether defendant failed properly to ice the car during the time it was in its possession and under its control and before the delivery thereof to the succeeding carrier. If the damage to the berries was caused by such neglect a case for recovery was made out, though the damaged condition was not discovered until after the succeeding carrier had delivered the berries to plaintiffs. The end of transportation over defendant's line was St. Paul, at which point the car was, at the instance of plaintiff, delivered over to the Milwaukee Co. to be taken on to Minneapolis. The evidence tends to show that the berries were in damaged condition when so delivered to that company, and though they were not inspected at that time, nor for some 24 hours thereafter, the evidence is to the effect that the condition when so inspected was the result of the failure of defendant to properly ice the car when in its possession. This clearly made the issue in the case one of fact for the jury and trial court.

We discover no error in the charge of the court. The trial court clearly submitted the case in the light of the evidence and the issues presented, and the error complained of is without substantial merit.

Order affirmed.